United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F.G. CROSTHWAITE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LML ENTERPRISES, INC., et al.,<br><br>    Defendants. | Case No.: 13-cv-0740 JSC<br><br>**ORDER TO SHOW CAUSE** |

In this enforcement action brought under the Employee Retirement Income Security Act ("ERISA"), Plaintiffs bring a Motion for Default Judgment ("Motion") seeking entry of default judgment, an award of outstanding employee benefit contributions, liquidated damages and interest, and attorneys fees and costs. Plaintiffs seek default judgment against Defendant LML Enterprises, Inc. ("LML"), a corporation, and Sean Christopher Lyons ("Lyons"), as an individual. Plaintiffs assert that Defendant Lyons is individually liable for the $83,123.59 in unpaid contributions, liquidated damages, and interest incurred as a result of Defendant LML's failure to pay and report its required contributions. (*See* Dkt. No. 13-1 at 7.) For the reasons stated below, the Court orders Plaintiffs to show cause with respect to

their Motion against individual Defendant Lyons and their calculation of unpaid contributions.

## DISCUSSION

**I.  Individual Defendant Liability**

Courts have found defendants individually liable for, among other things, unpaid contributions "[w]here a collective bargaining agreement specifically provides for personal liability of a corporate officer." *Emp. Painters' Trust Health & Welfare Fund v. Bessey*, 2009 WL 3347588, at *3 (W.D. Wash. Oct. 15, 2009). It is generally required that the corporate officer to be held personally liable must have executed the document binding him or her to the terms of the collective bargaining agreement. *See Emp. Painters' Trust Health & Welfare Fund v. Landon Const. Grp.*, 2011 WL 5864648, at *3 (W.D. Wash. Nov. 22, 2011) (collecting cases and finding that "where courts have considered whether to uphold personal liability provisions in collective bargaining agreements, the question of whether the officer at issue signed the contract has been a key consideration").

Plaintiffs contend that "Defendant Sean Christopher Lyons has personally guaranteed all amounts claimed herein, pursuant to the terms of the Independent Northern California Construction Agreement." (Dkt. No. 1 ¶ 12.) Although the Independent Northern California Construction Agreement includes provisions which would impose individual liability under certain circumstances, Plaintiff has not cited to a particular provision or otherwise established that Lyons agreed to be bound by the agreement. (Dkt. No. 14-2, at 1.) Indeed, Plaintiff does not specifically allege that Lyons signed the agreement and the signature on the agreement is illegible. That Lyons is identified as the "Responsible Officer, Partner, etc." on the reverse side of the agreement is suggestive, but the Court cannot conclude on that basis alone that Lyons agreed to be bound by the agreement. (Dkt. No. 14-2 at 2.)

Plaintiffs are hereby ORDERED to SHOW CAUSE as to whether Lyons personally signed the Independent Northern California Construction Agreement, and if not, what basis exists for the Court to hold him individually liable.

## II. Calculation of Unpaid Contributions

There appear to be discrepancies between the amounts Plaintiffs allege Defendants reported in contributions due and those reflected on the "Employer's Report of Contributions" for several of the months at issue.

- For September 2012, Plaintiffs allege the total reported amount was $5,348.96, but the "Employer's Report of Contribution" for that month lists the amount as $7,387.92. (*Compare* Dkt No. 13 at 7 *with* Dkt. No. 14-3 at 7.)
- For October 2012, Plaintiffs allege the total reported amount was $10,750.88, but the "Employer's Report of Contribution" for that month lists the amount as $8,711.92. (*Compare* Dkt No. 13 at 7 *with* Dkt. No. 14-3 at 9.)
- For November 2012, Plaintiffs allege the total reported amount was $8,380.94, but the "Employer's Report of Contribution" for that month lists the amount as $7,851.32. (*Compare* Dkt No. 13 at 7 *with* Dkt. No. 14-3 at 11.)
- For February 2013, two "Employer's Report of Contribution" reports are included with the second stating that it was "revised 5/15/13." (Dkt. No. 14-3 at 19.) The revised report lists the reported amount as $3,707.20, not the $3,919.04 alleged by Plaintiffs. (*Compare* Dkt No. 13 at 8 *with* Dkt. No. 14-3 at 19.)

Further, although Plaintiffs repeatedly state that "[p]ursuant to Trust Fund policy, contributions for unreported months are estimated by calculating the average of the amounts due on the last three months," Plaintiffs have not cited any authority for this statement and the Court could not find a clause in the Master Agreement or the Independent Northern California Construction Agreement to this effect. (*See, e.g.*, Dkt. No. 13 at 8.)

In light of the foregoing, Plaintiffs are hereby ORDERED to SHOW CAUSE as to how they arrived at the figures cited in their motion and supporting declaration, or amend these documents to reflect the accurate amounts. Further, Plaintiffs shall provide authority for their representation as to the Trust Fund policy regarding calculation of contributions for unreported months.

## CONCLUSION

Plaintiffs shall file their response to this Order no later than September 13, 2013. The Court further VACATES the hearing on Plaintiffs' Motion currently scheduled for September 5, 2013, and reschedules the hearing to September 26, 2013 at 9:00.

**IT IS SO ORDERED.**

Dated: September 3, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

4